RECEIVED

DEC 0 7 2018

CLERK, U.S. DISTRICT CLERK
WESTERN DISTRICT OF TEXAS
BY_____
DEPUTY

DOUGLAS McGUFFEY, TDCJ # 2043256, §
§
    Plaintiff, §
§
v. §         Civil Action
§    No. SA-17-CA-410-OLG
ANDREW BLIZZARD and §
MATTHEW REUSSER, §
§
    Defendants, §

# MEMORANDUM OPINION

Before the Court is Plaintiff Douglas McGuffey's 42 U.S.C. § 1983 Civil Rights Complaint (Docket Entry # 31) and Defendants Andrew Blizzard's and Matthew Reusser's Motion for Summary Judgment (Docket Entry # 35) (the "Motion").

## I.

Plaintiff McGuffey's Complaint alleges that in late January 2016 he was subjected to excessive force while in custody at the Kerr County Jail. *See* docket no. 1. Specifically, McGuffey alleges that Officers Andrew Blizzard and Matthew Reusser slammed him to the ground face first, notwithstanding that he was handcuffed and posed no threat to the officers. *See id.* As a result of this incident, McGuffey alleges that he suffered a huge gash above his eyebrow. *See id.* Plaintiff sues Officers Blizzard and Reusser seeking damages. *See id.*

On September 14, 2018, Defendants moved for summary judgment contending that (i) McGuffey's allegations are defied by Defendants' affidavits demonstrating no excessive force, and (ii) the record shows Defendants acted in good faith and therefore are entitled to qualified immunity. *See* Docket Entry # 35. Plaintiff has not responded to Defendants' Motion.

## II.

A party is entitled to summary judgment pursuant to Fed. R. Civ. P. 56(c) where the record shows there is no genuine issue of material fact and the movant is entitled to judgment as a matter of law. A party against whom summary judgment is sought may not rest on the allegations or denials of his pleadings, but must come forward with sufficient evidence to demonstrate a "'genuine issue for trial.'" *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986). A dispute concerning a material fact is "genuine" and sufficient to overcome summary judgment "if the evidence is such that a reasonable jury could return a verdict for the nonmoving party." *Id.* To overcome summary judgment, a plaintiff must present evidence in support of his claims, and incompetent, subjective, or conclusory sworn allegations are not sufficient to meet this burden. *See Hall v. Thomas*, 190 F.3d 693, 698 (5th Cir. 1999) ("[A prisoner's] subjective complaints, unsupported by evidence, are insufficient to defeat ... summary judgment."); *Marshall v. East Carroll Parish Hosp. Serv. Dist.*, 134 F.3d 319, 324 (5th Cir.1998) (affidavits stating legal conclusions without reference to material facts are not competent evidence); *Orthopedic & Sports Injury Clinic v. Wang Lab., Inc.*, 922 F.2d 220, 225 (5th Cir. 1991) (affidavits setting forth "ultimate or conclusory facts and conclusions of law" are not competent evidence). Summary judgment may be granted "against a party who fails to make a showing sufficient to establish the existence of an element essential to that party's case, and on which that party will bear the burden of proof at trial." *Celotex Corp. v. Catrett*, 477 U.S. 317, 322 (1986).

### - A -

To the extent Plaintiff asserts his 42 U.S.C. § 1983 claim against Defendants in their "official capacities," the suit is against Kerr County as a governmental entity, and Plaintiff's claim will be

treated as such. *See Haffer v. Mello*, 502 U.S. 21, 25 (1991). As an initial matter, municipal liability under 42 U.S.C. § 1983 may not be predicated under *respondeat superior*. *See Piotrowski v. City of Houston*, 237 F.3d 567, 578 (5th Cir. 2001). Instead, governmental entities can be found liable under 42 U.S.C. § 1983 only where the governmental entity causes the constitutional violation at issue. *See Monnell v. Dept. of Social Services of New York City*, 436 U.S. 658, 694 (1978). For that reason, the Supreme Court has found that a Plaintiff asserting a § 1983 claim against a governmental entity must demonstrate that the "municipality was the moving force behind the injury alleged" and "a direct causal link between the municipal action and the deprivation of federal rights." *Board of County Com'rs of Bryan County v. Brown*, 520 U.S. 397, 404 (1997). On that basis, "excessive force" claims against a municipal liability are viable only if the plaintiff can demonstrate that the excessive force was due to an "official policy or custom" or some other specific conduct properly attributable to the municipality. *See id.*; *Hafer*, 502 U.S. at 25 ("Because the real party in interest in an official-capacity suit is the governmental entity and not the named official, the entity's policy or custom must have played a part in the violation of federal law.") (internal quotations omitted).

In this case, McGuffey has failed to identify evidence that supports the existence of such a policy or custom. Indeed, upon a review of the record, the Court can find no indication that McGuffey has even alleged that any such custom or policy exists, nor has he identified any other specific conduct attributable to Kerr County that may support municipal liability under § 1983. Accordingly, as a matter of law, the named Defendants (and Kerr County) are entitled to summary judgment as to any claims asserted against Defendants in their "official capacities."

Plaintiff's claims against Defendants in their individual capacities also fail. To state a claim under § 1983, a plaintiff must allege a violation of a right secured by the Constitution and laws of the United States and that the alleged deprivation was committed by a person acting under color of state law. *See West v. Atkins*, 487 U.S. 42, 48 (1988). To show an excessive force claim in violation of the Fourteenth Amendment Due Process Clause, "a pretrial detainee must show only that the force purposely or knowingly used against him was objectively unreasonable." *Kingsley v. Hendrickson*, 135 S. Ct. 2466, 2473 (2015). Objective reasonableness will depend on the facts and circumstances of each case, but the court may consider:

> the relationship between the need for the use of force and the amount of force used; the extent of the plaintiff's injury; any effort made by the officer to temper or to limit the amount of force; the severity of the security problem at issue; the threat perceived by the officer; and whether the plaintiff was actively resisting.

*Id.*

The Affidavits of Defendants Reusser and Blizzard (Docket Entries # 35-2 & 35-3) establish the following undisputed facts: On January 15, 2016, McGuffey, while a detainee at the Kerr County Jail, was involved in a fight with another inmate at approximately 10:22 a.m. Docket Entry # 35-3. At about 4:56 p.m., Officer Reusser attempted to move McGuffey, who had a history of not following orders and being combative, from Tank No. 2 to another tank for his own safety. Docket Entry # 35-2. McGuffey refused to comply with Reusser's orders to move. *Id.* Assistant Jail Administrator Blizzard intervened and ordered McGuffey to comply, and McGuffey profanely refused Officer Blizzard's order. *Id.* Officer Reusser then placed McGuffey's hands behind his back and applied handcuffs, and Officers Reusser and Blizzard escorted McGuffey to a new tank where he was going to be housed. *Id.* After entering the safety vestibule for his new tank (Tank No. 8),

McGuffey was ordered to get on his knees so that the handcuffs could be removed. *Id.* McGuffey instead stood and repeatedly refused to get on his knees. *Id.* When Officers Blizzard and Reusser tried to force McGuffey to his knees, McGuffey hit is head on the bars of the safety vestibule, and sustained a small laceration to his left eyebrow. *Id.* Officers Blizzard and Reusser affirm that it was their intention to help McGuffey to his knees so that the handcuffs could be safely removed, McGuffey was injured due to his own combative and uncooperative behavior, and it was never their intention to harm him. Docket Entries # 35-2 & 35-3. After securing McGuffey following his injury, Officers Blizzard and Reusser cleaned and applied gauze to the laceration and had McGuffey transferred to the medical department of the jail for further treatment. *Id.*

"If a party . . . fails to properly address another party's assertion of fact as required by Rule 56(c)," then "the [district] court may . . . consider the fact undisputed for the purposes of the motion [and] grant summary judgment if the motion and supporting materials-including the facts considered undisputed-show that the movant is entitled to it." Fed. R. Civ. P. 56(e); *Vasudevan v. Adm'rs Tulane Educ'l Fund*, 706 Fed. App'x 147, 152 (5th Cir. 2017). Defendants' undisputed evidence establishes that the use of force was objectively reasonable and applied in a good faith effort to get McGuffey to comply with orders and kneel so that the handcuffs could be safely removed, and McGuffey was injured due to his own recalcitrance. McGuffey has not responded to the Motion or Defendants' evidence, and thus, this Court deems this evidence undisputed. Accordingly, the undisputed record shows no material issue of fact for trial, and Defendants are entitled to judgment as a matter of law and summary judgment because the record demonstrates that their use of force was objectively reasonable. *See* Fed. R. Civ. 56(a).

Moreover, qualified immunity extends to government officials performing discretionary functions "insofar as their conduct does not violate clearly established statutory or constitutional rights of which a reasonable person would have known." *Harlow v. Fitzgerald*, 457 U.S. 800, 818 (1982). The determination of the applicability of qualified immunity requires a court to examine (1) whether the defendant's conduct violated a constitutional right, and (2) whether the conduct was objectively reasonable in light of clearly established law. *See Hogan v. Cunningham*, 722 F.3d 725, 734-35 (5th Cir. 2013). Qualified immunity shields from liability "all but the plainly incompetent or those who knowingly violate the law." *Malley v. Briggs*, 475 U.S. 335, 341 (1986). Therefore "qualified immunity represents the norm," and courts should rarely deny a defendant immunity. *Harlow*, 457 U.S. at 807. "Where, as here, a section 1983 defendant pleads qualified immunity and shows he is a governmental official whose position involves the exercise of discretion, the plaintiff then has the burden to rebut this defense by establishing that the official's allegedly wrongful conduct violated clearly established law." *Kovacic v. Villarreal*, 628 F.3d 209, 211-12 (5th Cir. 2010) (internal quotations omitted).

Here, Defendants have invoked qualified immunity with respect to the claims asserted against them in their individual capacities, and the record clearly demonstrates that Defendants are government officials whose positions involve the exercise of discretion. *See* Docket Entries # 35-2 & 35-3. In response, McGuffey has failed to identify particular facts (or any supporting evidence) sufficient to overcome Defendants' assertion of qualified immunity or the facts demonstrated by Defendants' affidavits. Accordingly, and in light of the Court's conclusion in the previous section that the undisputed record demonstrates that Defendants' conduct was objectively reasonable, there

is no material issue of fact for trial as to the issue. Thus, Defendants are also entitled to summary

judgment on any individual capacity claims on the basis of the application of qualified immunity.

### III.

Accordingly, Defendants Blizzard's and Reusser's Motion for Summary Judgment (Docket

Entry # 35) is **GRANTED**, and this case is **DISMISSED WITH PREJUDICE**. All other pending

motions are **DENIED** as moot.

**DATED:** December ⌐ , 2018

 

---

**ORLANDO L. GARCIA**
**Chief United States District Judge**